Michael Louis Kelly – CA State Bar No. 82063
mlk@kirtlandpackard.com
Behram V. Parekh – CA State Bar No. 180361
bvp@kirtlandpackard.com
Joshua A. Fields – CA State Bar No. 242938
jf@kirtlandpackard.com
KIRTLAND & PACKARD LLP
1638 South Pacific Coast Highway
Redondo Beach, CA 90277
Ph: (310) 536-1000; Fax: (310) 536-1001

Brett N. Huff - CO State Bar No. 32071
bhuff@huffandleslie.com
Huff & Leslie, LLP
2480 Gray Street
Edgewater, Colorado 80214
Telephone: (303) 232-3622
Facsimile: (303) 274-0638

*Counsel for Plaintiff Frisby Miles Carter, and all others similarly situated*

UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

| | |
|---|---|
| FRISBY MILES CARTER, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMICA MUTUAL INSURANCE COMPANY, a Rhode Island Corporation, and DOES 1-10, inclusive,<br><br>Defendants<br>_____ | Case No. 1:17-cv-02156-RM-MEH<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**1: Violation of Colorado Revised Statutes ("C.R.S.") § 10-3-1115, *et seq.* (unreasonable delay/denial of payment for benefits owed by insurer)**<br><br>**2: Violation of Colorado Deceptive Trade Practices Act, C.R.S. § 6-1-105, *et seq.***<br><br>**3: Bad Faith Breach of Insurance Contract**<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED CLASS ACTION COMPLAINT**

2589-1: 174915

Plaintiff FRISBY MILES CARTER ("MR. CARTER"), on behalf of himself and all others similarly situated, alleges the following:

## JURISDICTION AND VENUE

1. This Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which some members of the class are citizens of different states than the Defendants. *See* 28 U.S.C. § 1332(d)(2)(A).

2. This Court also has personal jurisdiction over Defendants because Defendants are authorized to do business, and currently do business, in this state.

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendant AMICA MUTUAL INSURANCE COMPANY ("AMICA") has conducted business in this District and is subject to personal jurisdiction and a substantial portion of the conduct complained of herein occurred in this District.

## PARTIES

4. Plaintiff, MR. CARTER, at all relevant times herein, was a citizen and resident of the State of Colorado, and currently resides in Arizona. MR. CARTER obtained automobile insurance from AMICA which covered the 2016 calendar year, for a TOYOTA TACOMA personal automobile he owned.

5. Defendant AMICA is a Rhode Island corporation, with its corporate headquarters located in the State of Rhode Island. AMICA also conducts a substantial amount of business nationwide, including in Colorado.

6. Plaintiff is unaware of the true names and capacity of the defendants sued as DOES 1-10, and therefore sues these defendants by fictitious names. Plaintiff will seek leave to amend this Complaint when and if the true identities of these DOE defendants are discovered. Plaintiff is informed and believes and thereon alleges that each of the

defendants designated as a DOE is responsible in some manner for the acts and occurrences alleged herein, whether such acts or occurrences were committed intentionally, negligently, recklessly or otherwise, and that each said DOE defendant thereby proximately caused injuries and damages to Plaintiff and the Class as herein alleged, and is thus liable for Plaintiff's and the Class's injuries.

7.  At all times herein mentioned, Defendants, and each of them, were the agents, principals, servants, employees, and subsidiaries of each of the remaining Defendants, and were at all times acting within the purpose and scope of such agency, service, and employment, and directed, consented, ratified, permitted, encouraged, and approved the acts of each remaining defendant.

## PRELIMINARY ALLEGATIONS

8.  This action arises out of AMICA's practice of unlawfully failing to pay its insureds – specifically holders of AMICA automobile insurance policies – certain statutory mandated fees in the event an automobile accident or other event results in a total loss determination by AMICA for the insured's vehicle.  The specific statutory fees AMICA uniformly fails to pay as part of its normal business practices are mandated by Colorado Revised Statutes ("C.R.S.") § 10-4-639(1), and include, without limitation, title and registration fees associated with a motor vehicle's total loss.

9.  MR. CARTER obtained automobile insurance from AMICA which covered the 2016 calendar year, for a TOYOTA TACOMA personal automobile he owned during that time period.  The policy provided for coverage in the event of total loss of the motor vehicle.

10. MR. CARTER incurred $84.67 in registration and title fees related to the TOYOTA TACOMA.

11. On or about February 9, 2016, Plaintiff's TOYOTA TACOMA was in an accident. Thereafter, MR. CARTER incurred $132.26 in registration and title fees related to a

replacement vehicle for the TOYOTA TACOMA.  MR. CARTER also submitted a claim to AMICA based on the insurance policy he had obtained from AMICA for the TOYOTA TACOMA.

12. Ultimately, AMICA provided MR. CARTER with a "Total Loss Summary". AMICA apparently determined during its investigation the TOYOTA TACOMA was a total loss as a result of the accident, and provided MR. CARTER with an accounting of the insurance benefits it would pay him in light of the total loss. The "Total Loss Summary" related to the total loss of the TOYOTA TACOMA is attached hereto as Exhibit "1".

13. As stated in the "Total Loss Summary," AMICA did not agree to pay MR. CARTER the total amount of any title and registration fees associated with the total loss of the TOYOTA TACOMA, including, without limitation, the total amount of title and registration fees he incurred related to the replacement vehicle.  Instead, AMICA paid MR. CARTER $7.20 related to a "Title Fee" only.  (Exhibit 1)  To date, AMICA has not paid the policy holder, MR. CARTER, the total amount of any title and registration fees he incurred for the TOYOTA TACOMA and replacement vehicle.

14. Upon information and belief, Plaintiff alleges AMICA has denied insurance benefits it owed to similarly situated AMICA automobile policy holders in violation of C.R.S. § 10-3-1115 (which requires that insurers not unreasonably delay or deny payment of a claim for benefits owed), by failing to pay them title and registration fees associated with the total loss of a motor vehicle, as mandated by C.R.S. § 10-4-639(1).

## CLASS ACTION ALLEGATIONS

15. Plaintiff MR. CARTER brings this action on behalf of himself and all others similarly situated, as members of the proposed Colorado class (collectively hereafter the "Class") defined as follows:

**FIRST AMENDED CLASS ACTION COMPLAINT**

2589-1: 174915

**Colorado Class**: All persons who resided in Colorado and had obtained an automobile insurance policy with AMICA providing for coverage in the event of a total loss of the vehicle, and whose insured vehicle was involved in a motor vehicle accident or other event which resulted in a determination by AMICA the vehicle was a total loss upon a claim being made by the policy holder, and to whom AMICA did not pay the total amount of title and registration fees as part of the claim made, within two years of the filing of the original complaint to the present. Specifically excluded from the proposed Class are Defendants, any entities in which Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, successors, subsidiaries and/or assigns of Defendants, and any Judge who may be assigned to this matter.

16. This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3). This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

17. [Fed. R. Civ. P. 23(a)(1)] The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes many thousands of members.

18. [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary

from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

    A.    Whether Defendants provided automobile insurance coverage to Plaintiff and the putative class, which covered total vehicle loss in the event of a motor vehicle accident or other event;

    B.    Whether Defendants failed to pay the total amount of title and registration fees to Plaintiff and the putative class after making a determination an insured vehicle was a total loss as a result of a motor vehicle accident or other event;

    C.    Whether Defendants misrepresented and/or failed to disclose material facts about the automobile insurance policies at issue;

    D.    The nature and extent of damages and other remedies to which the conduct of Defendants entitles the Class members.

19.    [Fed. R. Civ. P. 23(a)(3)] Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have sustained injury and are facing harm arising out of Defendants' common course of conduct as complained of herein. The losses of each member of the Class were caused directly by Defendants' wrongful conduct as alleged herein.

20.    [Fed. R. Civ. P. 23(a)(4)] Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

21.    [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the

courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

22. [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, whether a policy provided for insurance coverage in the event of the total loss of the vehicle.

23. [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, substantially impair or impede the ability of such non-party Class members to protect their interests.

24. [Fed. R. Civ. P. 23(b)(2)] Defendants have acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Violation of C.R.S. 10-3-1115, *et seq.*)

### (By Plaintiff and Putative Class Against All Defendants)

25. Plaintiff and the Class incorporate by reference each preceding paragraph as though fully set forth herein.

26. Plaintiff and the Class obtained automobile insurance policies from AMICA which provided for insurance coverage in the event of the total loss of the vehicle.

**FIRST AMENDED CLASS ACTION COMPLAINT**

2589-1: 174915

27. Plaintiff and the Class members submitted claims for automobile insurance coverage to AMICA after the insured vehicle was involved in a motor vehicle accident or other event which resulted in a determination by AMICA the vehicle at issue was a total loss.

28. C.R.S. § 10-4-639(a) provides in relevant part that an insurer <u>shall</u> pay title fees and any other registration fees associated with the total loss of a motor vehicle.

29. C.R.S. § 10-3-1115(1)(a) provides in relevant part that a person engaged in the business of insurance <u>shall not</u> unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.

30. Despite its own determination the insured vehicles of Plaintiff and the Class Members were total losses, when claims were submitted by Plaintiff and the Class Members after a motor vehicle accident or other event resulted in damage to their property, AMICA failed to pay the total amount of title and registration fees required by C.R.S. § 10-4-639(a), and therefore violated the express language of that statute.

31. Additionally, AMICA's failure to make such payments were a violation of C.R.S. § 10-3-1115(1)(a), as an unreasonable delay and/or denial of a claim for insurance benefits AMICA owed Plaintiff and the Class Members. AMICA had no reasonable basis to deny making these payments.

32. Furthermore, AMICA's violations of Colorado's insurance codes provide for a private right of action under C.R.S. § 10-3-1116(a), the recovery of attorney's fees and costs and two times the covered benefit.

33. Moreover, because Defendant acted wantonly, maliciously, oppressively, recklessly, and deliberately, for the purpose of enriching themselves at Plaintiff's and Class members' detriment, Defendant's conduct warrants substantial punitive and exemplary damages in an amount to be determined at trial.

34. As a result of the foregoing, Plaintiff and the Class members have been

damaged in an amount to be proven at trial.

# CLAIMS FOR RELIEF
## SECOND CLAIM FOR RELIEF
### (Violation of C.R.S. § 6-1-105, *et seq.*)
### (By Plaintiff and Putative Class Against All Defendants)

35. Plaintiff and the Class incorporate by reference each preceding paragraph as though fully set forth herein.

36. Colorado's Deceptive Trade Practices Act, C.R.S. § 6-1-105, *et seq.* ("DTPA"), provides an individual may maintain a private civil action against a company engaged in the sale of services for violations of the DTPA's provisions.

37. Plaintiff alleges AMICA violated the DTPA by, *inter alia*, failing to disclose material information about the automobile insurance policies it provided to Plaintiff and the Class Members under C.R.S. § 6-1-105(1)(u), i.e. by failing to disclose AMICA did not, as a uniform business practice, pay the total amount of title and registration fees associated with a total vehicle loss.

38. As a result of AMICA's deceptive business practices, Plaintiff and the Class Members have suffered damage and lost money in that they paid for insurance services they otherwise would not have had the truth been disclosed, in an amount to be proven at trial. Plaintiff seeks an order enjoining AMICA from continuing to engage in the deceptive practices alleged herein.

# CLAIMS FOR RELIEF
## THIRD CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)
### (By Plaintiff and Putative Class Against All Defendants)

39. Plaintiff and the Class incorporate by reference each preceding paragraph as though fully set forth herein.

---

**FIRST AMENDED CLASS ACTION COMPLAINT**

40. AMICA's failure to pay title and registration fees associated with a total loss to its automobile insurance customers in Colorado, as mandated by C.R.S. § 10-4-639(a), was not reasonable conduct for an established automobile insurer such as AMICA.

41. As an established automobile insurer offering policies in Colorado, AMICA knew of or recklessly disregarded the fact that its failure to pay the total amount of title and registration fees associated with the total loss of an insured motor vehicle in Colorado, based on C.R.S. § 10-4-639(a)'s mandate, was unreasonable.

42. As an established automobile insurer offering policies in Colorado, AMICA also knew of or recklessly disregarded the fact that its delay and/or denial of payments owed to Plaintiff and Class members, in violation of C.R.S. § 10-3-1115(1)(a), was unreasonable.

43. Moreover, because Defendant acted wantonly, maliciously, oppressively, recklessly, and deliberately, for the purpose of enriching themselves at Plaintiff's and Class members' detriment, Defendant's conduct warrants substantial punitive and exemplary damages in an amount to be determined at trial.

44. As a result of the foregoing, Plaintiff and the Class members have been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other persons similarly situated, prays for judgment against AMICA as follows:

1. An Order certifying the Class and any sub-classes thereof that the Court may deem appropriate, and appointing Plaintiff FRISBY MILES CARTER, and his counsel, to represent the Class;

2. An award of general damages according to proof;

3. Injunctive relief;

4. Attorneys' fees;

5. Two times the covered benefit under C.R.S. § 10-3-1116(a);

6. Triple damages under C.R.S. § 6-1-105, *et seq.*;

7. Statutory damages;

8. Exemplary and punitive damages;

9. Costs of suit; and

10. Any other relief the Court deems proper.

DATED:  December 19, 2017  

Respectfully submitted,

KIRTLAND & PACKARD LLP

By:  /s/ Joshua A. Fields
   MICHAEL LOUIS KELLY
   BEHRAM V. PAREKH
   JOSHUA A. FIELDS

HUFF & LESLIE LLP

BRETT N. HUFF

*Counsel for Plaintiff Frisby Miles Carter, and all others similarly situated*

**FIRST AMENDED CLASS ACTION COMPLAINT**

2589-1: 174915

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury by jury as to all claims so triable.

DATED:  December 19, 2017             Respectfully submitted,

                            KIRTLAND & PACKARD LLP

By:  /s/ Joshua A. Fields
      MICHAEL LOUIS KELLY
      BEHRAM V. PAREKH
      JOSHUA A. FIELDS

HUFF & LESLIE LLP

BRETT N. HUFF

*Counsel for Plaintiff Frisby Miles Carter, and all others similarly situated*

---

**FIRST AMENDED CLASS ACTION COMPLAINT**